SUPREME COURT.    Chenango General Term, January, 1852.
Mason, Shankland and Gray, Justices.

THE PEOPLE vs. GEORGE I. SHAW.

An indictment under the Revised Statutes charging the committing of an assault and battery with a deadly weapon, with the intent to kill, is sustained by proof of having done the act with intent to commit any felonious homicide: it is not necessary to prove an intent to murder.

The prisoner was tried at the Chenango Oyer and Terminer in October, 1851, before Mr. Justice Shankland, and the justices of the sessions, on an indictment charging the committing of an assault and battery on Isaac Williams, with an axe, with an intent to kill him.

At the close of the testimony, the prisoner's counsel asked the court to charge the jury that the intent to kill must be proved in the same manner it would need to be proved, to constitute the crime of murder, if the intent had been carried into effect; and that a severe assault and battery, committed in the heat of passion, without an intent to kill, and where, if the

person assaulted had died, the offence would have only been manslaughter, would not be sufficient to convict under the indictment of an assault and battery with intent to kill. The court refused so to charge, except as modified in the charge given, and the prisoner's counsel excepted.

The court then charged the jury, that the prisoner, under the indictment, should be convicted of an assault and battery with intent to kill; if the assault and battery were made under such circumstances that, had the person assaulted been killed, the offence would have been either murder or manslaughter in any of the various degrees of manslaughter, and that the prisoner could not be convicted on the main charge, if he had no intent to kill, or if he did the act under the belief that it was necessary in self defence; to which charge the prisoner's counsel also excepted.

The jury found the prisoner guilty of an assault and battery with an intent to kill, and on bill of exceptions made, the cause was brought before the supreme court by certiorari.

*Henry A. Clark,* for the defendant, argued that the word " kill " in § 36, 2 *R. S.* 665, has the same meaning as " murder " in the previous statute of this state. ( 1 *R. L. of* 1813, 409, § 9,) and in the English statute, citing 1 *Russ. on C.;* 550: *Roscoe Cr. Ev.* 653, 785, 775; *Barbour Cr. L.* 80, 86; *Wharton's Am. L.* 316; 1 *City Hall Rec.* 316; 5 *id.* 73.

*Dwight H. Clarke* (Dist. Att'y), for the People, insisted that it was sufficient to prove such an intent to kill, that had death ensued, the killing would have come under any of the degrees of felonious homicide. That the change of the word " murder" to the word " kill " in the statute, showed an intention to extend the application and scope of the statute. That all the decisions cited were made under the statute before its alteration, and where an intent to murder was in terms required to convict, that there were some cases in which an intent to take life was requisite to convict of manslaughter, though generally it was otherwise.

The supreme court affirmed the proceedings at the Oyer and Terminer, and remitted the cause that sentence might be pronounced in pursuance of the finding of the jury.